IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

MICHAEL JAMES RODRIGUEZ,        )
                                 )
     Plaintiff,                  )
                                 )
                                 )       CIV-14-176-W
v.                               )
                                 )
OKLAHOMA COUNTY                  )
     DETENTION CENTER,           )
                                 )
     Defendant.                  )

REPORT AND RECOMMENDATION

Plaintiff, a state pretrial detainee appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the cause of action be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

I. Statutory Screening of Prisoner Complaints

The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The same screening of a civil complaint filed *in forma pauperis* is required by

1

28 U.S.C. § 1915(e)(2). After conducting an initial review, the Court must dismiss a complaint or any portion of it presenting claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

In conducting this review, the Court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from the allegations, in the light most favorable to the plaintiff. Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007).

Although a pro se litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The allegations in a complaint must present "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

II. Plaintiff's Complaint

In Plaintiff's Complaint filed February 24, 2014, Plaintiff alleges that he is being detained on state criminal charges at the Oklahoma County Detention Center. The only Defendant named in the Complaint is the Oklahoma County Detention Center ("OCDC").

Plaintiff alleges as background for his case that on July 12, 2013, he was moved from the 12th floor of the jail, "Baker" housing unit, to another housing unit on the 12th floor, the

"Charlie" housing unit, to serve disciplinary segregation time. Plaintiff states that he is a "known member of the gang G.B.C. and Charlie pod had members [of] Juaritos, who are a rival gang of G.B.C. on it." Complaint, at 2.

Plaintiff alleges in count one of the Complaint that his Eighth Amendment rights have been violated because

> [t]he O.C.D.C. is well aware of my gang affiliation and also knew that Juaritos are a rival gang of G.B.C. When I realized that there were rival gang members on Charlie pod I notified O.C.D.C. staff that I was in a situation where my safety was an issue. O.C.D.C. staff did not take any action with this information. Next I filed a grievance about O.C.D.C. staff's refusal to acknowledge my safety concerns. I should have never been placed on the same pod as Juaritos. G.B.C.s are usually housed on the 4th floor and Juarito's are housed on the 8th floor. O.C.D.C. staff were aware of the war between the two gangs and that is the reason they are kept on two different floors. Inmates that have to serve diciplinary [sic] segregation time are allowed to serve their segregation time on pods reserved for administrative segregation (12th floor Baker pod) or protective custody (12th floor Adam and David pods) in certain situations.

As relief, Plaintiff requests that the criminal charges filed against him "be dismissed" and that he be awarded monetary damages.

III. Proper Defendant

Plaintiff has named the OCDC as the only Defendant in this action. Rule 17(b), Fed. R. Civ. P., provides that the law of the state in which the district court is located determines the capacity of a governmental entity to sue or to be sued. In Oklahoma, each organized county has the capacity to sue or be sued, and a lawsuit brought against a county in Oklahoma must be filed against the Board of County Commissioners for the particular

3

county. Okla. Stat. tit. 19, §§ 1, 3, 4. A county jail in Oklahoma, which operates as a subdivision of the county in which it is located, has no separate legal identity under Oklahoma law, and therefore Defendant OCDC cannot be sued in this Court. See Aston v. Cunningham, 2000 WL 796086, *4 n. 3 (10th Cir. 2000)(unpublished op.)("Dismissal against [Salt Lake County jail] was also required because a detention facility is not a person or legally created entity capable of being sued.").

The Court should give a *pro se* litigant the opportunity to amend his complaint to name the proper defendant. See Johnson v. Johnson, 466 F.3d 1213, 1215-16 (10th Cir. 2006); Hall v. Bellmon, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991)("pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings").

By Order entered March 19, 2014, Plaintiff was advised that OCDC was not a defendant capable of being sued in this Court, and he was given the opportunity to amend his Complaint on or before April 8, 2014, to name the appropriate party or parties as defendants in this action. Plaintiff was cautioned that in preparing his amended complaint his pleading must be specific enough to "give the defendants notice of the theory under which [the Plaintiff's] claim is made." Robbins v. Oklahoma, 519 F.3d 1242, 1249 (10th Cir. 2008). Plaintiff was further reminded that in a § 1983 action "masters do not answer for the torts of their servants," which means that "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).

The time period given Plaintiff to file an amended complaint has expired, and he has

not filed an amended complaint or sought an extension of time to comply with the Order. Plaintiff's Complaint names the wrong defendant. Even if given another opportunity to amend his complaint to substitute the appropriate defendant, Plaintiff could not state a plausible claim for relief as he has not alleged that a county employee committed a constitutional violation.

IV. Duty to Protect

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege he or she was deprived of a right "secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Amer. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). The elements necessary to establish a § 1983 violation "will vary with the constitutional provision at issue." Dodds v. Richardson, 614 F.3d 1185, 1198 (10th Cir. 2010)(citation omitted).

In this case, Plaintiff alleges a violation of his Eighth Amendment right to be protected from harm by other detainees. Prison officials have a duty, imposed by the Eighth Amendment, " to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). To prevail on a failure to protect claim, the prisoner must show "that he is incarcerated under conditions posing a substantial risk of serious harm," and that prison officials acted with "deliberate indifference to inmate health or safety . . . ." Id. at 834. Under this standard, liability of a prison official arises only if the officer both (1) knew the inmate faced a substantial risk of serious harm and (2) disregarded that risk by failing to take reasonable measures to abate it. Id. at 837. Pretrial detainees are entitled

to the same protection regarding prison conditions under the Due Process Clause as convicted prisoners are provided under the Eighth Amendment. Frohmader v. Wayne, 958 F.2d 1024, 1028 (10th Cir. 1992).

Plaintiff has alleged in the Complaint that he is a member of a gang and that rival gang members were housed in the same unit as he was housed in while he was confined in the jail's segregated housing unit. Plaintiff contends that the jail had a policy or custom of separating detainees who were members of two rival gangs.

Considering all of the allegations in the Complaint in the light most favorable to Plaintiff, Plaintiff has not alleged either a substantial risk of serious harm or that any county employee acted with deliberate indifference to his health or safety. Plaintiff has alleged nothing more than his own subjective awareness of a threat of harm. Plaintiff does not allege that any jail official was aware of a specific threat of harm to Plaintiff during his confinement in the jail's segregated housing unit. Nor does Plaintiff allege that he was threatened by any other detainee or that he was injured by another detainee during his confinement in the jail's segregated housing unit.

"The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. Plaintiff states only a legal conclusion that he was subjected to a substantial risk of harm because of his status as a gang member and the presence of rival gang members. But "[a] failure-to-protect claim must allege facts suggesting that a prisoner faced a substantial risk of harm of which the officials had subjective knowledge." Watkins v. Donnelly, __ Fed.Appx. __, 2014 WL 30718, *6 (10th

Cir. 2014)(unpublished op.)(citing Farmer, 511 U.S. at 834, 837).

Even if it could be inferred that members of the rival gangs had committed previous acts of violence against each other, it is well established that jails are dangerous places, and Plaintiff does not present any facts, such as threats of harm to Plaintiff or specific prior violent incidents involving Plaintiff and members of the so-called "rival" gang during his detention, from which to infer that any jail official was deliberately indifferent to a substantial risk to his safety. See Holden v. Hirner, 663 F.3d 336, 341 (8th Cir. 2011)(holding "[a]n inmate's history of violence alone is insufficient to impute to prison officials subjective knowledge of the inmate's danger to harm other inmates"). Thus, even if he could name a participating county employee, Plaintiff would have not have stated a plausible claim of a constitutional deprivation.

Nor has Plaintiff pleaded the existence of a municipal policy or custom that could be causally linked to a constitutional violation committed by a county employee. See Bryson v. City of Okla. City, 627 F.3d 784, 788 (10th Cir. 2010)(municipality may be held liable under § 1983 only when the plaintiff demonstrates existence of municipal policy or custom and direct causal link between the policy or custom and the injury alleged). Moreover, to the extent Plaintiff seeks as relief the dismissal of criminal charges, such relief is not available in a 42 U.S.C. § 1983 action. See Hill v. McDonough, 547 U.S. 573, 579 (2006)("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.")(quotation marks and citation omitted).

Therefore, Plaintiff has not alleged sufficient facts to support a plausible claim of a

constitutional deprivation. His cause of action should consequently be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. It is further recommended that the dismissal of this cause of action count as one "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g). See Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176, 1177 (10th Cir. 2011)("When an action or appeal is dismissed as frivolous, malicious, or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), the dismissal counts as a strike" and "a dismissal under [28 U.S.C. ] § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim . . . .").

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by ___April 30th___, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __10th__ day of __April__, 2014.

_____
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE